We've already been next in field 2007-71-48 Burley v. Department of Veterans Affairs. Mr. Carpenter, we're pointing to you. Would you like me to proceed? Thank you very much, Your Honor. Court, please. Kenneth Carpenter here on behalf of Mr. Michael Burley. Mr. Burley appeals the decision of the Veterans Court concerning a determination regarding his application for reimbursement of attorney fees and expenses under the Equal Access to Justice Act. The court below determined that Mr. Burley was not a part of it. Mr. Burley believes that under this course of parole test that he was a prevailing target. He achieved a remand, which required further proceedings of the agency, and the court below did not retain a jurisdiction. What was the error by the board in your view? The error by the board was in denying the increased claim for the knee condition that was inextricably intertwined with the secondary claim. Well, I thought they didn't deny it. They actually increased the percentage, so you have to say they granted it and boosted the amount. That's correct. That they addressed it and did not retain jurisdiction and directed the matter to proceed back before the agency, and instead issued what amounted to an adverse decision because there was a potential rating higher than the increased rating from 10 to 20%. That's correct. Well, I'm not sure you're following me here. As I understand it, the board sent two claims back to the regional office. Correct. And reviewed a third claim having to do with the knee injury, and it didn't remand the knee injury claim back to the RO along with the other two claims. That's correct. Now, you seem to find fault with that, and I'm trying to understand wherein is the error in not sending the knee claim back as well. Under the case law below, the VA is required to presume that Mr. Gurley is seeking maximum benefit available under law. The 20% rating sum was not the maximum benefit, and by issuing a final decision that assigned only a 20% rating and not retaining jurisdiction for the purposes of returning the increased claim to the 20% level, along with the other two inextricably intertwined issues of a total rating based on unemployability and the secondary claim, that was error. Well, that's what I'm having trouble following. Why is that error for them to send two claims back and adjudicate the third claim and not send it back? Because the three issues all address the amount of compensation that Mr. Gurley would get for his service-connected disability. The secondary claim flows from the knee condition, and the total rating based on unemployability flows from both the knee condition and the secondary claim. Now, if back at the RO, the veteran establishes that his psychiatric condition was indeed secondary to his knee condition, he'll presumably advance and perhaps get some great increase in benefits. But the fact that the knee condition as a claim wasn't remanded in no way blocks him from trying to show that the psychiatric condition was secondary to the established knee injury. And therefore, what is the harm to him on the remand when he's back at the RO that the third claim, the knee claim itself, wasn't also remanded? It is our position, however, that the claim is a claim for compensation and that it has three severable components that must be considered together. But they would be considered together because he's won on the knee injuries, and that's not remanded. On the psychiatric claim that is remanded, all he needs to show is that it comes from the knee injury. If he shows that, he wins. If he doesn't show that, he doesn't win. So how is he handicapped in showing the secondary nature of the psychiatric condition by the fact that the knee condition isn't also remanded to the RO? It's not a question of exclusively the secondary claim, but the relationship between the ultimate rating assigned, the secondary claim, presupposing that it's awarded, and the right to establish the scheduler criteria to qualify for a total rating based on employability. He can also do that even though the knee claim isn't remanded. I don't see that he's in any way blocked from doing the two claim development exercises he needs to do on the remand by the mere fact that the knee claim isn't remanded as well. Because he was eligible for additional compensation for the knee disability over the 20%. If the 20% rating had been increased, it could have been increased to a scheduler. That's just saying that the board got the percentage wrong. But that's something that you would appeal to the veterans court after the RO finishes with the other two claims, and then all three claims, let's assume denied, go to the veterans court at the same time, and perhaps they agree with you and disagree with the board and say, well, the knee injury actually should have not been 20%. It should have been 30%. But you're not blocked from getting that redress either. So I'm trying to understand how the board can be said to have committed an administrative error in what it did. We're putting it a little bit differently. I'm having the same problem with you, Judge Buchanan. We're different. What we've got to look at is the remand. The question of whether it was a remand because of an administrative error. I read the veterans court cases that deal with this requirement of joint adjudication as being addressed to the question of judicial autonomy. In other words, they're not faulting the board for failing to remand these things to have them considered together. They're simply saying, we think it's better from a judicial autonomy perspective for us not to be considering these until they've all been adjudicated. Where is there a suggestion in the veterans court cases that it's error for the board and the VA not to consider these things together? Well, I'm not sure that the veterans court case law has addressed that issue in terms of error. In the Harris case, they addressed it. Well, that's the problem, is that if they weren't doing it because of an error that the board made, then it's not an error situation. Well, except, Your Honor, that the question here is not so much error, except under the Sumner standard. The question here is whether or not there was a remand obtained, and there was. Well, let's suppose we reject that. We say that a remand alone is not enough. It has to be remand as the result of an administrative error. Was there an administrative error here? Well, I believe there was under the case law that required the board not to finally decide that increased claim so that it would put Mr. Gurley in the position of having to appeal that decision. Does the court case suggest that the board commits error by not adjudicating these things together? I don't believe there is a case at this point that addresses that specific issue, Your Honor. Well, then how do we conclude that the veterans department agreed with you that there was an administrative error when they agreed to the remand from the veterans court back to the board? What the general counsel's office agreed with me was is that the board's decision must be vacated, and that it was not appropriate for the board to have decided the case finally, and that they should have, under the Harris case, retained that jurisdiction so that all three of these inextricably intertwined matters were dealt with at the same time. But, counsel, if we agreed with you that these things were inextricably intertwined, then under our precedent of Smith and the ABC of Harris, there would be no jurisdiction for your prevailing party. So it's sort of like a hand if you do, hand if you don't scenario, as far as I can tell for you. If you win on the inextricably combined, nobody's got the jurisdiction to give you the prevailing party attorney's fees, you're asking for. Well, except, Your Honor, the point of the Egypt statute is when a veteran in this case, in this context, is required to appeal a decision that should not have been made. And that decision should not have been made, and the VA agreed, after I did my opening brief below, that a mistake had been made, and that that board decision should be vacated, and all of these issues should be dealt with together. The question is whether they agreed a mistake was made. They certainly agreed that the issues should be dealt with together, but it's not clear, at least to me, that they agreed that the board made a flat-out error. I absolutely agree, Your Honor. They did not make that concession. And maybe that our case law requires that for you to be properly termed a prevailing party in the appeal, that in addition to the remand, which you got by consent, there has to be a concession by the secretary that the board committed an error. And so it seems to be crucial to your status as a prevailing party that the Veterans Department conceded that it was an administrative error. I don't see that as clearly set forth in the motion. No, Your Honor, it was not, and I will concede that. I am relying upon this court's decision in Motorola and Halperin that what determines in this context whether there is or isn't a prevailing party is whether there is a remand in a case in which the court below does not retain jurisdiction and there is a direction to the agency below to conduct further proceedings. No, but wait, wait, wait. We at Motorola and these other cases make sure that not every remand leads to a prevailing party. That's correct. There has to be a remand because of an administrative error. That's the problem. I'm sorry, Your Honor. There is nothing in Halperin that refers to administrative error. The administrative error language appears in the Sumner decision below. This court has not addressed the administrative error question directly. Now, you are correct that this panel is certainly free to impose that language. I'm sorry, Your Honor, I don't recall that. You may well be correct that they do. My recollection was, however, that the basis was, is, excuse me, of this court's decision in Halperin, which applied Motorola to the Veterans Court context, was to make the comparison to the Social Security Administration where there are options within their statutory scheme not to retain jurisdiction, and that it turned on the question of whether or not there was going to be a retention of jurisdiction to see to it that whatever was ordered on remand was carried out before there was a determination of finality. Now, in this circumstance, clearly Mr. Gurley would have prevailed because there was an award of increase as a result of these inextricably intertwined issues that were remanded in the first instance. Well, what happened in the Falchion matters after the Veterans Court granted the joint motion to leave? What happened? The matter went back to the regional office in South Carolina. South Carolina granted this. Well, when you say the matter, precisely what went back to the regional office that wasn't already there? All three matters went back. Well, I thought the board had previously sent three back, so I would take it that those two were already back at the regional office before the joint motion. In theory but not in reality, they were not sent back because the matter was appealed on to the Veterans Court to deal with whether or not the rating was appropriate at 20 percent as assigned by the board and not some rating higher than that. And the matter was resolved by joint disposition to suggest that the matter needed to have been resolved on all three of those intertwined issues. And all three of those issues were ultimately sent back to the agency, and Mr. Gurley prevailed with a grant of both a secondary claim for the psychological disorder related to his service-connected condition and for a total rating based on employability based upon the combined effect of the two of those, which mooted out any further consideration of what the scheduler rating needed to be on the need condition. Now, the difficulty here, quite candidly, Your Honors, is that these matters are all, for the lack of a good legal description, mushed together. The question of his entitlement to increased compensation is the sole claim. There are simply three different components to it, the scheduler rating for the need, whether he was or wasn't entitled to compensation for the secondary condition, and the right to a total rating based upon unemployability. Well, whether the claims are considered one claim to three parts or three separate claims, were they all filed in a single piece of paper? I believe they were, Your Honor. Well, how can that be? He had been litigating for years to try to get an increase in his knee injury. At that point, there were no collateral claims. There was only the knee injury claim. Right. And I represented him below, and I cannot recall off the top of my head precisely what the sequence of events was, but I believe I came in and added the additional claims for both the total rating and for the secondary claim at the administrative level before we ultimately got to the Board, and then the Board remanded two of those three components. But, yes, the knee condition was litigated before, and that's part of the critical piece here because it's the beginning of that litigation independent of the other two, which affected or determined the effective date. And that's why its inextricable nature is so critical here because of the assignment of the effective date. No piece seemed to be challenging that these three claim components, or three claims, whichever is the better description, are tightly interrelated. Everybody agrees with that. The real issue seems to be whether an administrative error, in this case by the Board, is a prerequisite of your recovering as a prevailing party. Because it seems clear, at least to me, that a bare remand doesn't automatically entitle you to prevailing party status. Because we had cases where there was a remand because of new statutory law or new case law. And in those cases, we said that wasn't a prevailing party. So I deduce from that that it takes something more than just the remand to merit the appellation of the prevailing party. And it looks to me like it takes an adjudication or a concession by the Secretary that the Board made an error. But, Your Honor, that seems to put an unreasonable burden on a veteran who is placed in a circumstance where he gets an adverse decision, as he did here, where he didn't receive the maximum rating available, and then he has to make the Hobson's choice. Do I waive my right to appeal, or do I rely on the fact that these other two components are strong enough that I will prevail? But once you've made that waiver, that guy is cast. He made the choice to appeal that decision, and the government came in and conceded, not error, but that the Board's decision must be vacated. That was the purpose of his appeal, to undo the finality of that Board decision, so that it did not, in any way, shape, or form, particularly as it relates to the effective date, adversely affect his other two claims. And that seems to me to be different from the vanilla remand, or just a plain remand. This was not just a plain remand. This was a remand in which the government came in after briefing and said, we agree, counsel, the Board should have done this. They didn't use the magic word error. And to punish Mr. Gurley for them not using the word error, or my forcing the issue to a full decision… Who drafted the motion? The government drafted the motion. I didn't understand this. I was a little confused by your comment about the two of them. So what you're saying here is there was no administrative error at the Board level. There is, but let me find it. But that the remand was beneficial to the veteran here because it resulted in the joint adjudication. Correct. Thank you. All right, let's hear from the government. May it please the Court. Mr. Gurley has not demonstrated that he's a prevailing party for purposes of Egypt. As the Court has pointed out, when you have a remand in this instance, there must be error by the agency. There must be either error that the Court recognized, error that this Court recognized, or concession of error by the Secretary. What do you mean error? Error, violation of some statute or regulation, or just a misstep in the proceeding? Well, Your Honor, in the case of Kelly, when the Court did find that there was error, it was because the Board actually failed to consider the taxi diagnosis. And because it failed to consider the actual evidence, this Court determined that that was Board error. And therefore, Mr. Kelly was a prevailing party. We don't have that here, Your Honor. If you look very carefully at the Board decision, there is no agency error on the Board's part. Well, maybe not. If error means they broke some law, but if error has a new sort of meaning, that they failed to do something they should have done, then this was a purposeful remand. This was a remand to fix a problem. The problem was that the Board had unwisely separated three claims. The Board didn't unwisely separate three claims, Your Honor. The Board, once it has all the information for it, which it did in terms of the 20% disability rating, made a determination based upon all the evidence before it. That was the final decision that Mr. Kelly decided that he would appeal to the Veterans Court. The Board then remanded the other two claims, the psychiatric disorder claim and the TBI claim. Under the Veterans Court case law, it should have rejected the me only appeal. It's premature because it's inexplicably intertwined with the other two claims that the Board had meanwhile remanded to the RO. And so it couldn't realistically get an appellate Veterans Court adjudication on the knee injury. It would have been kicked out. Your Honor, the Veterans Court pointed out in its decision that it did have jurisdiction. That's one of the issues that was raised by the Secretary, whether or not the Veterans Court had jurisdiction to even hear the matter. And the Veterans Court said it did because the determination on the two issues that were remanded, the psychological disorder and the TBIU claim, would not have an impact upon the Veterans Court's determination of the correctness of the 20% disability rating. So therefore, they were not inextricably intertwined in the way that Harris used it. And in fact, in the Harris case, Your Honor, the Veterans Court pointed out why it said it was inextricably intertwined. It said because the entire evidence portion of the decision in Harris is replete with statements relating to the Veterans' mental state as a result of this condition. The Board has made no such statements in this case, Your Honor, because the decision on the 20% disability rating that the Board made was based upon all the information and evidence before it. If I'm following you, then the Secretary should not have agreed to a remand. The Secretary should have simply litigated before the Veterans Court the merits of the 20% need figure. The Secretary could have done that, Your Honor, but Mr. Gurley requested that the matter be remanded and all the issues be considered jointly. And sometimes, Your Honor, that's the best way to go, to agree, okay, let's remand this and consider it in the interest of judicial economy. And that's the reason that it was remanded, Your Honor. So why isn't that good enough? That's not an error, Your Honor. Well, maybe not, but there was a problem. The problem was solved by a remand that both sides agreed to. Therefore, Mr. Carpenter got everything that he sought from the Court of Appeals. When somebody gets everything that they seek in an appeal, it kind of looks like they won the appeal. Yes, but the standard, Your Honor, is whether or not the remand is based upon agency error, and as a sort. Maybe, and maybe it depends on what you mean by agency error. Well, in the case of Kelly, Your Honor, the agency error, again, was that the court failed to consider. Well, maybe that doesn't tell us the whole universe of errors justifying a remand. That would just add an example of an error that justified a remand. But this doesn't rise to the level that we believe the Kelly Court contemplated to be considered an agency error. The Veterans Court, as this court pointed out in the Davis case, the Veterans Court, of course, has authority to remand cases to the board for further proceedings for a lot of reasons. For legal issues, to clarify a tax underlying legal issue, and pursuant to 7252, that the Veterans Court shall have power to affirm, modify, or reverse a decision of the board to remand the matter as appropriate. And that was what was done here. The parties jointly requested that. I suppose here, let's assume that the Veterans Court issued a decision saying, the board made an error by not adjudicating these parties jointly. Would that make the Veterans Court? If there is, pursuant to this standard, if the Veterans Court does state that there is an error, that should be adequate for a prevailing party status, but that's not what happened here, Your Honor. The Veterans Court clearly said that there's no error. It said there's no error, and there's no concession of error by the Secretary, Your Honor. It seems that concession seems inconsistent in the court report. It seems to suggest a procedural error, as it can be. A procedural error doesn't rise to the level of saying there's error at the agency level to say that it is concluded. Well, if the agency made a procedural error, why doesn't that fall? Well, the way this court talked about that in the Akers case, for example, that that doesn't rise to the level of the judiciary promulgation on a change in the relationship between the parties. And that would be the only thing that would vary, Your Honor. So you're saying that not every error, in your view, even falls when you make it a prevailing party? Yes, Your Honor. You haven't determined whether it's procedural or substantive? Yes, Your Honor. Which case says that? Well, no case says exactly procedural versus substantive, Your Honor. But it's clear to me from the Kelly court, Kelly's decision that you're talking about a substantive error in what was done at the level. In fact, we don't have that kind of thing here. If you read the board's decision, we very carefully considered all the evidence of record. The only time an error even was thought of was when Mr. Billy appealed to the board- So if the veteran is denied the opportunity to present evidence to the RR, it's a procedural error. It doesn't qualify as making it a prevailing party if he gets that reversed by the veterans court. I'm sorry, Your Honor. If I understand you- If he's not allowed to present his side of the case to the RR, that's a procedural error. Are you saying that doesn't make him a prevailing party if he gets that reversed by the veterans court? Well, if he's not allowed to present his side of the case, Your Honor, that would seem more than simple procedural because the substantive issues haven't been dealt with before the board- What's the difference between a procedural error and a substantive error? The procedural error doesn't change the legal relationship between the parties. What Mr. Gurley was allowed to do was get another- Well, if it's sent back to have it adjudicated jointly, doesn't that change the legal relationship? No, Your Honor, not in this instance, not in Mr. Gurley's case. No, no, but in my hypothetical, doesn't that change the legal relationship? It allows him a chance to present the evidence before the board that he was not allowed to present in the past. But that's not what we have here, Your Honor. Well, maybe not, but that sounds like an administrative error. I understand, Your Honor. Counselor, one way to look at it would be that the veterans' board caps the knee injury compensation at 20% as a final matter subject only to possible reversal by the veterans' board. Under the consensual remand, that cap has been removed. And the knee injury now goes back to the regional office with no 20% cap on it. So the regional office would be free to award, let's say, 50%. Why wouldn't that lifting of the cap that has monetary consequences, at least potentially, not be correctly viewed as a benefit achieved by the veterans? It may be considered a benefit achieved by the veteran, but it's not based upon agency error in the initial instance. The board considered all of the evidence and information that Mr. Gurley presented to it in coming up with a cap of 20%. And that's very clearly stated in the board's decision. Well, if the correct way to handle these three claims was to remand them all, and the board declined to remand them all, I'm not sure I agree with you that there was no error. Whether you want to call it procedural or substantive or give it some other label, the board didn't do what they should have done. They should have sent all three claims back to the RO together as a single consolidated matter, and they didn't. And that had to be rectified through this appeal. So therefore, this appeal appears to have been an unnecessary appeal. It was made necessary only by the board's failure to remand the three claims jointly. If I understand the government's position, and pardon me if I'm wrong, it's that the remand was simply for judicial economy purposes. It's not that the three claims necessarily had to have been litigated together. It wasn't an error, and you could have continued to take the case in the old fashion because the Veterans Court concluded there weren't inextricably intertwined, so there is a final judgment. And so my understanding would be you would stick to the belief that there was no error. You would allow this to occur simply for long-term issues of judicial efficiency. Yes, Your Honor. It's not that they had to be remanded. The three claims didn't have to go together. That's right, Your Honor. But why did the government then join something saying that they were inextricably intertwined? That's the one thing that's really bothering me. I'm sorry to hear all your questions. We joined the motions saying these three things were inextricably intertwined. How do we deal with that in the context of this? Do we get a do-over? Well, Your Honor, I understand Your Honor's position. We believed in this instance that it was appropriate for us to consider all the issues together because Mr. Gurley made the request to do that. And that's why the agency, the Veterans Agency, decided that they would enter into this joint remand. Is it true that you wrote the remand motion in court? It's not clear to me, Your Honor, who drafted the motion. It is true, is it not, as Judge Moore recalls, that the remand order motion characterized the three claims as being, in a magic phrase, inextricably intertwined. Okay. That's the characterization used. The actual words are intimately related. The joint motion itself doesn't say inextricably intertwined except in quotes in Harris. The terms that are used are intimately connected and intimately related. On the joint appendix, page 16- Okay, okay. I stand corrected. But it seems to me the three separate phrases mean the same thing. Well, inextricably intertwined, Your Honor, in the case of Harris, as I mentioned earlier, the Harris court does say why it says that they're inextricably intertwined. That is because it points out the entire evidence portion of the decision. The board is replete with statements that relate the veteran's mental state with his physical condition. And that's in page 23 of the Harris decision. We don't have anything like that in this instance, Your Honor. Wait, before calling counsel, you just corrected Judge Michel that the, and ultimately me, I guess, that the motion, joint motion to achieve government's time doesn't use the words inextricably intertwined. But it starts off the very first sentence in the basis for remand says, I'm on page 16. Yes, I'll see it. It says the parties agree that remand is warranted to comply with the courts holding in Harris, the rest of the site, where the facts underlying separate claims are intimately connected. Blah, blah, blah. Yes. I mean, Harris used the words inextricably intertwined, not intimately connected. But in the same exact little section, are you really suggesting the government didn't join the motion of agreeing that the claims are inextricably intertwined? No, Your Honor. What I'm saying is the way that Harris used the terms inextricably intertwined, it talks about the evidence in the board decision clearly pointing out that the two issues are so closely related they need to be decided together. There's nothing that we have in this case that's like that. And why did you join it? Why did you join a motion that said the parties agree remand is warranted to comply with Harris because the issues are intimately connected? The issues are joint. They are related to one another. You said it has to go back to comply with Harris. Your implication is otherwise we're not complying with Harris. Yes, Your Honor. That doesn't rise to the level of an agency error. Even in Harris where it was remanded as not being a final decision, there was no statement that there was an error. In Smith, there was no statement that there was an error. It's for the purposes of judicial economy so that all the claims can be considered together as Mr. Gurley requested that they be. Exactly. Why doesn't that count as an administrative error? There's no case law that says it's something like that. It counts as an administrative error. Why shouldn't it? Because it's not an error, Your Honor. There's nothing in the case that says it's an error when you want to consider issues based upon judicial economy so that you don't hear from piecemeal one and then another. Well, the board is bound by Harris. If compliance with Harris requires remand, then failure to remand means Harris is violated. I'm sorry. I don't understand what you mean. The motion, the joint motion, cites Harris. Yes, Your Honor. And says, in effect, that to comply with Harris, we need to remand. To comply with that part of Harris that talks about judicial economy. Part of Harris also dealt with the fact there was no final decision and, therefore, the case had to be remanded back to the board. This court's decision- All right, to comply with half of Harris, a remand was needed. And, therefore, if we didn't do the remand, we would not be complying with that half of Harris. And, therefore, the board made a mistake under that half of Harris when it failed to keep the three claims together. But that doesn't rise to the level of agency error that this court articulated in Kelly, or contemplated in Kelly, to be agency error for the purposes of preserving party status, Your Honor. That's the difference. In fact, in this- I don't understand that answer. I mean, if, in fact, it was, the Veterans Court was required to adjudicate these claims together, which seems to be what this motion says, the question is whether that's a mistake by the agency to not have done that in the first place, right? But it's not a mistake. It's not an error that rises to the level of agency error that this court contemplated in Kelly to say that he's a prevailing party. I don't understand. We haven't decided the decision. We haven't decided if this kind of meeting qualifies or doesn't qualify. And we're saying, Your Honor, that it shouldn't qualify because there's no change in the legal relationship with the parties. And, up to that point, Mr. Greeley never prevailed on the underlying merits of his claim. There wasn't a demand based upon agency errors and agreement by the parties that, for the purposes of judicial economy, let's consider all the issues together rather than piecemeal. But the reason set forth in our brief and stated today, we respectfully request that the court affirm the decision of the Veterans Court below. Thank you. Thank you. All right. We'd like to clarify that it was the government who proposed the joint remand, drafted the joint remand, submitted it to me as counsel for signature, and I executed it. I direct the court's attention to the joint appendix, pages 20 to 28. That's my opening brief below.  The only issue I raised was remand based on inextricably intertwined issues. Had the government chosen, the government was on the clock to file their brief. They didn't have to enter into a joint remand. They chose to enter into a joint remand. They could have pressed the holding that they pressed in my application for attorney fees that there was no jurisdiction. And had they pressed that issue, then presumably under the holding in Harris, the judge or the panel would have been bound by Harris. And then the matter of jurisdiction would have been before this court. The remand order was substantively identical but used some slightly different language. For example, suppose it didn't talk at all about issues. I'm sorry. The order? Yes. The remand motion. Oh, the motion. Okay. I'm sorry. The motion for it. Yes. Okay. I'm sorry. It wasn't true. Suppose the motion used slightly different language. Suppose that the parties agree remand is warranted to comply with holding in Harris and intimately connected law. Suppose it just said the parties agree a remand is a good idea in this case because in the interest of judicial economy, it would probably be better to just let these briefings go. You wouldn't have a strong case. Oh, no. Absolutely not. No. Would you be arguing to me that it was still an administrative error that they're entitled to bail authority in terms of this case? Yes, Your Honor, because I believe, as has been suggested, that this was an error, that the board had an obligation to address all of these issues together. Now, the problem here is we've created a term of art called inextricably intertwined, and we haven't really connected it to much of anything. Well, it's important, though, because Harris and Smith connected to final judgment, which deprives the board of jurisdiction. So, actually, it is really important, and it is connected to something. I'm sorry. I meant in terms of error. But was it connected to the commission of an error that it was, as you suggest, connected to the question of jurisdiction?  That creates a problem for claimants who are put in this circumstance, who are forced to go to the Veterans Court to correct that. But it goes back to the question I brought up earlier, which is if these things are inextricably intertwined, if we all were to agree with that, then the CAVC doesn't have jurisdiction, and neither do we. It's an absence of subject matter jurisdiction for a lack of final judgment. So I don't see how any of us are in a position jurisdictionally to give you the attorney's fees you're seeking, at least not at this point in litigation. Because there's no final judgment. Therefore, they didn't have jurisdiction. They simply couldn't consider the program of parties. And that is implicit in this appeal as to whether or not Harris was correctly decided. This court's decision in Hudson would suggest that the decision in Harris was not correctly decided, that it is not a question of jurisdiction, that clearly once there is an adverse decision made by the board that adversely affects the veteran, that that qualifies as a final board decision subject to the jurisdiction of the Veterans Court to make a determination. And that implicates the jurisdiction of the court below. And consequently, I believe this court's jurisdiction has been implicated because the court below attempted to distinguish away Harris. And said, well, they're sort of, kind of, inextricably intertwined. But they're not inextricably intertwined as we meant in Harris. And that's what I meant by it's not really tied to anything in terms of error. It was error for the board to not have addressed, to have kept all of these issues together. Well, it's different only to the extent that I'm trying to clarify an issue that I see in relationship to what the context was of that joint remand order. And that it was an implicit concession of error. Well, look, the joint remand order on 16 says, it says, the interest of judicial economy that avoids a piecemeal litigation that requires a claim to be adjudicated together. That sounds sort of like what the government is saying. But it's a judicial economy question rather than the error of the board. And that is what the court below relied upon to deny Mr. Gurley his prevailing party status. And that is the question that I believe ultimately needs to be resolved by this court. In distinguishing between remands, is there a remand for corrective purposes that requires further agency proceedings? Or can you simply say, no, we're doing a vanilla remand in the interest of judicial economy. And this is not a matter of the interest of judicial economy. It was frankly only a matter of the interest of the economy of the VA that decided that they didn't want to brief the question. Because had they briefed the question and the court had followed Harris as they attempted to do in the IJA matter and claimed there was no jurisdiction, then we'd have been up here on the question of whether there was or wasn't jurisdiction. I believe there was jurisdiction. The court found ultimately that they had jurisdiction to enter the order. They simply found that Mr. Gurley, after having litigated this, was not entitled to equal access to justice. He should have been entitled to justice. Thank you. I'll rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock AM.